UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ADRIAN FOWLER and, <br> KITIA HARRIS, | Case No. 4:17-cv-11441 |
| Plaintiffs, | Hon. Linda V. Parker |
| v. | Magistrate Mona K. Majzoub |
| RUTH JOHNSON, in her official <br> capacity as Secretary of State of <br> the Michigan Department of State, | |
| Defendant. | |

_____/

Anthony D. Paris (P71525)
John C. Philo (P52721)
Sugar Law Center for Economic &
Social Justice
Attorneys for Plaintiffs
4605 Cass Ave., Ste. 200
Detroit, MI 48201-1256
Ph. (313) 993-4505
tparis@sugarlaw.com
jphilo@sugarlaw.org

Phil Telfeyan
Catherine B. Sevcenko
Rebecca R. Ramaswamy
Equal Justice Under Law
Attorney for Plaintiffs
400 7th Street, Ste. 602
Washington, DC 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
catherine@equaljusticeunderlaw.org

John G. Fedynsky (P65232)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendant
Civil Litigation Employment &
Elections Division
525 W. Ottawa St., P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
FedynskyJ@michigan.gov

_____

# DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

In lieu of an answer, Defendant Ruth Johnson, by counsel, files this motion to dismiss or alternatively for summary judgment. In the course of communications between counsel and briefing Plaintiffs' pending motion for preliminary injunction, Defendant's counsel explained the nature of this dispositive motion and its legal basis. E.D. Mich. LR 7.1(a). Concurrence was not forthcoming. For the reasons stated below, the Court should dismiss all claims.

BILL SCHUETTE
Attorney General

*s/ John G. Fedynsky*
John G. Fedynsky
Assistant Attorney General
Attorney for Defendant
Civil Litigation, Employment &
Elections Division
G. Mennen Williams Bldg., 5th Fl.
525 W. Ottawa St. P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov
(P65232)

Dated: July 17, 2017

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court dismiss all claims without prejudice for lack of subject matter jurisdiction, because abstention is appropriate, and because the requirements for declaratory relief are not met?

2. Alternatively, should the Court dismiss all claims with prejudice because they lack merit as a matter of law?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: Fed. R. Civ. P. 10(c)

Mich. Comp. Laws § 257.321a(2)

## STATEMENT OF FACTS

Defendant adopts and incorporates by reference her recitation of the salient facts of this case in her June 16, 2017 response to Plaintiffs' motion for preliminary injunction, (R. 11). Fed. R. Civ. P. 10(c). To the extent that determination of this motion depends upon any of the prior filed exhibits, Defendant adopts and incorporates those by reference as well, (R. 1 through 1-7; R. 2 through 2-7; R. 11 through 11-2.). *Id.*

## ARGUMENT

**I.   Prior arguments are adopted and incorporated by reference.**

Defendant adopts and incorporates by reference her prior arguments in response to Plaintiffs' motion for preliminary injunction, (R. 11). Fed. R. Civ. P. 10(c). In summary, and for the reasons already briefed, dismissal without prejudice is appropriate because of: (1) *Rooker-Feldman* doctrine, (2) *Pullman* and *Younger* abstention, and (3) failure to meet the requirements for discretionary declaratory relief. (R. 11, Def's Response Br. at 8-13.) Alternatively, dismissal with prejudice on the merits is appropriate because Plaintiffs' due process and equal

1

protection rights were not violated and the relief they seek is inappropriate. (*Id.* at 14-24.)

## II. Plaintiffs' prior briefing is unpersuasive.

Defendant now turns to some matters raised in Plaintiff's June 30, 2017 reply brief, which for purposes of the instant motion may merit additional discussion and targeted rebuttal.

### A. Plaintiffs cannot avoid *Rooker-Feldman* doctrine.

Plaintiffs make a distinction without a legal difference when they attempt to separate state court orders from suspension of license privileges. The two go hand in glove. In the absence of valid state court orders, license suspension is simply not authorized. It is an inextricable effect of the lawful operation of Michigan courts deciding everyday traffic offenses. Furthermore, under these circumstances there is no independent state action or discretion that initiates a license suspension. Michigan law advises Defendant what she "shall" do when certain court orders are entered. Mich. Comp. Laws § 257.321a(2). Accordingly, the source of Plaintiff's injury is the state court orders themselves, and not any cognizable set of facts that would take them

outside of jurisdictional no-man's land of *Rooker-Feldman*. Under that doctrine, federal district court simply cannot go down the path that Plaintiffs propose.

**B.    Licensing privileges depend on following the law, not wealth discrimination.**

Plaintiffs continue to assert without factual or legal foundation that Michigan's system of regulating driver's licenses discriminates on the basis of wealth. This is simply not the case. Driving privileges depend upon the ability to follow the law. The fundamental problem with Plaintiffs' claims of indigency is when and where they are brought. The proper timing for that is before whatever court of competent jurisdiction is deciding the traffic infraction and the appropriate remedy. Payment plans, community service, and other alternatives to straight fines are matters for state courts enforcing local ordinances and the Motor Vehicle Code, not federal courts invited by litigants to constitutionalize everyday traffic offenses and their effects on a class-action basis. In other words, Plaintiffs have simply come to the wrong court at the wrong time, which is why jurisdiction is lacking here and abstention is appropriate.

3

### C. Due process protections are adequate for both failure to appear and failure to pay.

While Plaintiffs' affidavits are less than clear regarding failure to appear versus failure to pay, the touchstones of due process are met in either case – notice and an opportunity to be heard. Traffic citations plainly by their character provide written notice of any charges and instructions on when, where, and how to be heard in court. Plaintiffs have not alleged otherwise. Where the offense is proven, what happens next is either compliance, failure to appear, or failure to pay. For the last two, courts and Defendant then send notices about the consequences and what steps can be taken to remedy the situation.

In the absence of any showing that Michigan's system violates fundamental constitutional protections, there is simply no basis for a federal court to intervene and step into this thicket. Plaintiffs would have this Court decide which violators are willful and which are unable to pay, but that is not a distinction that is easily made, particularly on a class-action basis. For reasons of comity, those determinations are better left in the first instance to the courts deciding how to enforce Michigan's traffic laws.

Relatedly, Plaintiffs misconstrue the law of pre and post-deprivation due process. Everyone in a failure to pay or failure to appear situation already had his or her day in court – the day that responsibility was determined and a fine or other penalty was imposed. That court, that judge, at that time is when ability to pay can be considered. It is only after this process is made available that any order relied upon by Defendant is entered. Under Michigan law, license suspensions only happen after adequate process was made available to any motorist. Plaintiffs simply have no viable constitutional claim here.

### D. Another state's policy choice is not the same as a federal constitutional requirement.

Plaintiffs' reliance on how other states enforce fines is well and good on a policy level. But it says nothing whatsoever about what protections are mandated on a national level as a matter of constitutional law. The mere fact that another state implements its policy differently fails to establish that its policy choice is constitutionally required or, for that matter, that Michigan's is constitutionally proscribed. Neither is the case here.

5

### E. Plaintiff's exhaustion requirement is misplaced.

Plaintiffs miss the point in their argument that Section 1983 has no exhaustion requirement. Defendants' jurisdictional and abstention arguments do not presume that there is any such requirement. Instead, those arguments articulate settled law about what can and cannot be challenged in federal court, as well as what prudential concerns ought to carry the day when federal intervention into complex state regulation of traditional police powers is proposed. Access to courts is simply not an issue here. If anything, Plaintiffs could have maintained their driving privileges had they meaningfully accessed their courts of original jurisdiction in the first place. Announcing "I can't pay now" is only the first step. The next steps ought to be forward-looking cooperation with local authority to determine a way forward that is practicable. Fowler's impediment to obtaining a license in Michigan appears to be the fact she has gone seventeen years without paying her traffic fines in Georgia. Not only are the named Plaintiffs not even similarly situated, statewide class certification in federal court is simply heavy-handed, out of proportion, and otherwise inappropriate under the circumstances.

## F. Fines are rational.

Fines, like taxes, incentivize human behavior. The same is true for suspending driving privileges. Additionally, money is a fungible resource that pays for maintaining court systems, regulating driver's licenses, patrolling the roads, etc. Everyone benefits when licensees pay into the system. As such, Plaintiffs' hypothetical about requiring traffic offenders to also run a marathon makes no sense. It is, first, a hypothetical that simply does not apply. Further, financial incentives and avoiding physical activity are two very different things. And unlike money paid in fines, a completed marathon is of little to no use to maintaining the systems upon which all persons on the road rely. Those who commit an offense and are in the system, moreover, consume the system's resources. Recouping some of those costs is long-standing, reasonable, and permitted under the law.

## G. Plaintiffs misstate the standard of review.

Plaintiffs' arguments about compelling state interests and narrow tailoring are beside the point. For the reasons already briefed, the constitutional claims before the Court are subject to rational basis review, which is easily met. Nor is there any basis on this record to

7

conclude that anyone's right to intrastate travel is fundamentally impaired. Citing a few studies and articles about the importance of driver's licenses and the state of public transportation in any particular area fails to establish any purported uncontroverted facts or, more importantly, entitlement to any legal relief. The desire to drive is not the same as the right to travel. Under settled law, driving yourself is a narrow, specific mode of travel that simply does not rise to the level of a fundamental right. This is because myriad other modes of travel are available – public transportation, private transportation, free rides from others, bicycles, walking, etc. Plaintiffs have thus failed to show that any fundamental right to travel was denied, let alone unconstitutionally denied, by Defendant.

      **H.    Fowler's lack of redressability is uncontested.**

Plaintiffs apparently do not contest the fact that Fowler's driving privileges are already suspended in Georgia and under Michigan law Defendant therefore may not reinstate her privileges. Accordingly, any request for injunctive relief for her is moot for lack of redressability. In other words, even if the relief requested is obtained, Fowler in any event is not allowed to get her license back until after she resolves her

suspended status in Georgia. Relatedly, any putative class members in a similar position would present similar problems and weave a tangled web of Gordian knots that, for reasons of comity and justiciability, the Court ought to simply avoid.

## CONCLUSION AND RELIEF REQUESTED

Defendant respectfully requests that the Court:

(1) grant this motion,

(2) dismiss all claims without prejudice for lack of federal subject matter jurisdiction,

(3) alternatively abstain from exercising subject matter jurisdiction and dismiss all claims without prejudice,

(4) alternatively decline jurisdiction over the request for declaratory relief,

(5) alternatively dismiss all claims on the merits and with prejudice, and

(6) grant any other appropriate relief.

>Respectfully submitted,
>
>BILL SCHUETTE
>Attorney General
>
>*/s/ John G. Fedynsky*
>John G. Fedynsky (P65232)
>Assistant Attorney General
>Attorney for Defendant
>Civil Litigation, Employment &
>Elections Division
>G. Mennen Williams Bldg., 5th Fl.
>525 W. Ottawa St., P.O. Box 30736
>Lansing, MI 48909
>(517) 373-6434
>fedynskyj@michigan.gov
>(P65232)

Dated: July 17, 2017

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on July 17, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

>*/s/ John G. Fedynsky*
>John G. Fedynsky (P65232)
>Assistant Attorney General
>G. Mennen Williams Bldg., 5th Fl.
>525 W. Ottawa St., P.O. Box 30736
>Lansing, MI 48909
>(517) 373-6434
>fedynskyj@michigan.gov
>(P65232)