UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ADRIAN FOWLER and,
KITIA HARRIS,

        Plaintiffs,

v.

RUTH JOHNSON, in her official
capacity as Secretary of State of
the Michigan Department of State,

        Defendant.
_____/

Case No. 4:17-cv-11441

Hon. Linda V. Parker
Magistrate Mona K. Majzoub

Anthony D. Paris (P71525)
John C. Philo (P52721)
Sugar Law Center for Economic &
Social Justice
Attorneys for Plaintiffs
4605 Cass Ave., Ste. 200
Detroit, MI 48201-1256
Ph. (313) 993-4505
tparis@sugarlaw.com
jphilo@sugarlaw.org

Phil Telfeyan
Catherine B. Sevcenko
Rebecca R. Ramaswamy
Equal Justice Under Law
Attorney for Plaintiffs
400 7th Street, Ste. 602
Washington, DC 20004
(202) 505-2058

John G. Fedynsky (P65232)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendant
Civil Litigation Employment &
Elections Division
525 W. Ottawa St., P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

Plaintiffs misplace their reliance on cases involving the rights of the criminally accused or convicted. *Bearden v. Georgia*, 461 U.S. 660 (1983); *Williams v. Illinois*, 399 U.S. 235 (1970); *Tate v. Short*, 401 U.S. 395 (1971). The nature of those rights and the character of the government deprivations involved are simply a different ball game constitutionally than suspending someone's driving *privileges*. (*See* Def's Resp. to Pls' Mot. for Prel. Inj. at pp. 16-18.)

*Bearden* involved the automatic revocation of parole "absent evidence and findings that the defendant was somehow responsible for the failure or that alternative forms of punishment were inadequate." 416 U.S. at 665. In *Williams*, "the narrow issue raised is whether an indigent may be continued in confinement beyond the maximum term specified by statute because of his failure to satisfy the monetary provisions of the sentence." 399 U.S. at 236. In *Tate*, the Court held that a Texas law requiring persons unable to pay must be incarcerated for sufficient time to satisfy their fines, at the rate of $5 per day, was unconstitutional. 401 U.S. at 396-397. Similarly, Plaintiffs rely in passing on a Sixth Circuit case involving "automatic incarceration of an arrestee due to his failure to pay a fine . . . ." (Pl.'s Resp. Br. at 7, citing

*Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007).)

None of these cases bear any factual or legal resemblance to the case before this Court. Suspending driving privileges is a regulatory action, and not equivalent in degree or kind to criminal penalties like revocation of parole or other custodial confinement. The rights at stake in those cases by their character therefore involved higher levels of constitutional scrutiny. The same is true for the degree and kind of governmental action taken, which differs drastically from the ministerial suspension of a privilege.

Additionally, Plaintiffs' penalties were not automatic. They were only imposed after Defendant received notice from a court of competent jurisdiction that either Plaintiff did not appear in court, responsibility for a civil infraction was found and subsequently not satisfied, or both. On this record, it appears the license suspension was after Defendant received notice that (1) Fowler did not appear in court and (2) Harris failed to comply with a payment plan put in place by the court.

The cases Plaintiff cite simply do not support the proposition that, as a matter of due process or equal protection, Michigan or any other

state is required to hold an ability to pay hearing before licensing privileges are suspended – and, notably, after all the process that was due was already made available on an equal basis in state court to all ticketed motorists.[1] Nor is there any constitutional requirement that "the Secretary of State, before suspending licenses, checked to ensure that an ability-to-pay hearing occurred . . . ." (Pl.'s Resp. Br. at 4.) On this record, Plaintiffs have not demonstrated that they ever sought and were denied such a hearing in state court, or that Defendant had anything to do with Plaintiffs' failure to meaningfully respond to their traffic infractions.[2]

---

[1] As previously briefed, Michigan law provides that the suspension is lifted when the Secretary of State is notified by each court in which the person failed to answer a citation or notice to appear or failed to pay a fine or cost that the person has answered that citation or notice to appear or paid that fine or cost. Mich. Comp. Laws § 257.321a(5)(a). Plaintiffs have the ability to seek redress from the courts related to either plaintiff's failure to appear, or comply. Defendant's duties under the vehicle code are only ministerial.

[2] Additionally, and as previously argued without any response on the merits by Plaintiffs, Fowler is not entitled to a Michigan license even if her Section 231a suspension is lifted. Her suspended status in Georgia prevents Michigan from issuing her a driver's license. Mich. Comp. Laws § 257.303(1)(c).

Notice and an opportunity to be heard in state court was indisputably present here. By her own admission, Fowler not only did not avail herself of the opportunity to appear in court to defend her actions and ask for relief, she actually has warrants issued in three jurisdictions for failing to appear. Similarly, Harris's declaration fails to allege that she made any meaningful attempt to access her local court and respond to her ticket. The law simply does not require the added level of process that Plaintiffs request on a pre-suspension basis. In the absence of any such law, Plaintiffs' attempt to stretch inapplicable cases involving criminal penalties is both unpersuasive and unavailing.

The same is true of Plaintiff's attempt to extend the holding of *Johnson v. City of Cincinnati*, 310 F.3d 484 (6th Cir. 2002), which struck down a law prohibiting drug offenders from entering drug exclusion zones. *See also Cole v. City of Memphis*, 839 F.3d 530 (6th Cir. 2017) (applying intermediate scrutiny to a right to intrastate travel challenge to police action of removing all persons from sidewalks in an entertainment district at 3:00 a.m. for street sweeping). As argued previously, drug exclusion zones and the police action of clearing the

sidewalks bear no resemblance whatsoever to suspending driving privileges. (Def's Resp. to Pl.'s Mot. for Prel. Inj. at pp. 15-16.) Plaintiffs misstate the issue and Defendant's position. (Pls' Br. at 8 ("Defendants insist there is no fundamental right to intrastate travel . . . .").) The issue is not the existence and character of the right to intrastate travel. Rather, the issue is whether suspension of driving privileges impacts that right unconstitutionally. Consistent with the very cases Plaintiffs cite, the answer is a resounding no.

Plaintiffs are also incorrect in their assertion that factual questions underpin their claims as predicated upon suspension of driving privileges. Settled law has held that specific modes of conveyance are not constitutionally protected, and the myriad other forms of travel available to Plaintiffs are simply not impacted by the government conduct challenged here. (Def's Br. in Support of Mot. to Dismiss at pp. 7-8.) Simply put, the constitutional right to intrastate travel is not a constitutional right to be issued a driver's license, a privilege extended by the individual states. Accordingly, Plaintiffs cannot overcome the plausibility pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny.

In short, injunctive relief is inappropriate, and the complaint should be dismissed. Defendant respectfully requests that the Court:

(1) grant this motion,

(2) dismiss all claims without prejudice for lack of federal subject matter jurisdiction,

(3) alternatively abstain from exercising subject matter jurisdiction and dismiss all claims without prejudice,

(4) alternatively decline jurisdiction over the request for declaratory relief,

(5) alternatively dismiss all claims on the merits and with prejudice, and

(6) grant any other appropriate relief.

>Respectfully submitted,
>
>BILL SCHUETTE
>Attorney General
>
>*/s/ John G. Fedynsky*
>John G. Fedynsky (P65232)
>Assistant Attorney General
>Attorney for Defendant
>Civil Litigation, Employment & Elections Division
>G. Mennen Williams Bldg., 5th Fl.
>525 W. Ottawa St., P.O. Box 30736
>Lansing, MI 48909
>(517) 373-6434
>fedynskyj@michigan.gov
>(P65232)

Dated: August 4, 2017

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on August 4, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ John G. Fedynsky*
John G. Fedynsky (P65232)
Assistant Attorney General
Attorney for Defendant
Civil Litigation, Employment &
Elections Division
G. Mennen Williams Bldg., 5th Fl.
525 W. Ottawa St., P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov
(P65232)
