UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ADRIAN FOWLER and, <br> KITIA HARRIS, <br><br>                  Plaintiffs, <br> v. <br><br> RUTH JOHNSON, in her official capacity as Secretary of State of the Michigan Department of State, <br><br>                  Defendant. | Case No. 4:17-cv-11441 <br><br> Hon. Linda V. Parker <br> Magistrate Mona K. Majzoub <br><br> **EXPEDITED CONSIDERATION REQUESTED BY TUESDAY, DECEMBER 26, 2017 AT 12:00 P.M.** |

Anthony D. Paris (P71525)
John C. Philo (P52721)
Sugar Law Center for Economic & Social Justice
Attorneys for Plaintiffs
4605 Cass Ave., Ste. 200
Detroit, MI  48201-1256
Ph. (313) 993-4505
tparis@sugarlaw.com
jphilo@sugarlaw.org

Phil Telfeyan
Catherine B. Sevcenko
Rebecca R. Ramaswamy
Equal Justice Under Law
Attorney for Plaintiffs
400 7th Street, Ste. 602
Washington, DC  20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
catherine@equaljusticeunderlaw.org

John G. Fedynsky (P65232)
Assistant Attorney General
Michigan Dep't of Attorney General
Attorney for Defendant
Civil Litigation Employment & Elections Division
525 W. Ottawa St., P.O. Box 30736
Lansing, MI  48909
(517) 373-6434
FedynskyJ@michigan.gov

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL**

Plaintiffs' response brief is not persuasive for several reasons. It glosses over the broad and over-inclusive scope of the injunction and the irreparable harm that immediate enforcement would mean. Even if injunctive relief may be appropriate for some indigent people, it is not available for the named Plaintiffs. Likewise, it cannot be disputed that the indigent represent a small subset of about 2,400 daily motorist suspensions in Michigan.[1] Nor is the system set up in a manner that allows flipping a switch to stop "enforcing Michigan Compiled Laws § 257.321a to suspend the driver's licenses of people unable to pay their traffic debt." (R. 21, Page ID # 268.) It is a months-long, disruptive process implicating every trial court in the State. In the end, herculean compliance efforts will be wasted on a well-intended order predicated upon inadequate legal and factual grounds.

On the law, Plaintiffs are incorrect that indigency hearings must happen in every traffic case resulting in a suspension. (R. 26, Pls' Resp.

---

[1] Some of the statistics provided to the Court should be corrected. (Gaspar Corrected Aff., Def.'s Ex. 1.) It should be noted that, under both sets of statistics, the massive statewide scope of the injunction order remains the same. Additionally, "[t]he need for this correction highlights the difficulties with dealing with programing changes in the state's system." (*Id*. at n.1.)

at 4-6.) In the context of state-created privileges to drive on public roadways, all that is required is notice, an opportunity to be heard, and adequate post-deprivation remedies. *Dixon v. Love*, 431 U.S. 105 (1997);[2] *Mathews v. Eldridge*, 424 U.S. 319, 348-349 (1976); *Bell v. Burson*, 402 U.S. 535, 540 (1971). Plaintiffs are simply wrong on the law because fines, fees, costs, or other financial obligations related to "traffic debt" are a function of and under the purview of Michigan trial courts, not Defendant. Even if such indigency hearings based upon trial court actions were required by Defendant, how can they happen as a practical matter for motorists who fail to appear in the first place in state court? Defendant does not control the content of court notices sent or traffic tickets given to motorists. Plaintiffs in any event failed to provide a full and accurate account of what process they were offered and could have received. Nor is there any clearly established federal law requiring such notices to spell out what particular accommodation might be available at a court hearing. Motorists know or ought to know

---

[2] Plaintiffs' attempts to distinguish *Dixon* are inapposite. The point of *Dixon* is the adequacy of post-deprivation process based upon the nature of the interest implicated – driving privileges. The Court's holding did not turn on safety considerations.

that traffic infractions are serious matters that cannot be ignored and then wiped away after the fact based on a claim of indigency. Those who want to claim such accommodation must at least appear in court and give the trial court an opportunity to examine the circumstances, make a finding, and fashion an appropriate remedy if warranted.

For those who do appear and have a judgment entered against them, ability to pay determinations are already part of the due process provided in every Michigan trial court. Apart from vague and self-serving declarations, Plaintiffs have provided this Court with no basis to conclude that their ability to pay was never considered and that such failure likely amounts to a procedural due process violation. Instead, Plaintiffs incorrectly assert what this Court held and erroneously assume foundational facts without proving them. "As this Court pointed out in its order, the State never tells people who have received traffic tickets that they can explain their situation or ask for a payment plan." (Pls' Resp. at 6.) Plaintiffs seem to ignore the affidavit provided by the district court administrator in Ferndale, as well as the local policy of that court and the registers of actions in their cases. (R. 25-4, Carroll Aff. and Attachments.) Fowler appeared, denied liability, was

3

provided a hearing date and then failed to appear. (*Id.* at ¶ 12.) Harris called in, was given an extension, and placed on a payment plan. (*Id.* at ¶ 13.) She then failed to make a payment or otherwise follow up with the court. (*Id.*) Under the circumstances, there is no basis to conclude that procedural due process rights were violated here, particularly by Defendant.

Nor did Plaintiffs respond to the statewide procedural due process safeguards already in place in all Michigan trial courts. The State Court Administrative Office (SCAO) has created an appropriate administrative order with accompanying components and details for all trial courts to follow. (R. 25-5 and 25-6.) Additionally, SCAO has a dedicated web page – for all cases, not just traffic infractions – for "Determining the Ability to Pay in the Collection of Court Ordered Financial Obligations." (SCAO Web Site Printout, Def.'s Ex. 2.)[3] As recently as 2015, SCAO's Ability to Pay Workgroup issued a report on "Tools and Guidance for Determining and Addressing an Obligor's

---

[3] Also available at the following web link:
https://mjieducation.mi.gov/documents/criminal-qrms/481-ability-to-pay-benchcard/file (last visited December 20, 2017).

Ability to Pay." (SCAO Report, Def.'s Ex. 3.)[4]  There is, in short, no absence of procedural due process for motorists claiming indigence in Michigan trial courts.

The irreparable harm, therefore, separate and apart from cost and labor hours, is statewide disruption of a complex system of enforcement of Michigan law governing licensed motorists, court administration, and other core functions of traditional state police powers.  The harm will impact Defendant, all trial courts, and the public interest at large.  Here, a massive and complex system – with all its attendant costs and reliance interests touching the lives of millions of people – already operates within federal constitutional limitations.  An injunctive order intended as an upgrade will have the unintended effect of a monkey wrench thrown into an enormous machine running at full speed.

Stopping all suspensions is not what the order requires.  Given the design and operational limitations of the current system, Defendant cannot find needles in the haystack and sift out the motorists who are

---

[4] Also available at the following web link:
http://courts.mi.gov/Administration/SCAO/Resources/Documents/Publications/Reports/AbilityToPay.pdf (last visited December 20, 2017).

unable to pay. The well-founded presumption, supported by evidence Plaintiffs seem to ignore, is that anyone reported out by a trial court for suspension already had all the process that was due. The injunction is flawed because it sets aside this presumption without adequate cause, imposing a redundant requirement on Defendant that is currently operational and already in the purview of Michigan trial courts. The injunction also raises the specter of requiring Defendant – a non-judicial entity – to second-guess judicial determinations that already were made or could have been made in trial courts. There is thus also a problem of inconsistent determinations on ability to pay, particularly with the fluidity of changing circumstances a motorist might encounter post-judgment.

Accordingly, there is an exigent need for an immediate stay of the injunction order. In the long run, extending the status quo will allow all interested parties to await final resolution of the legal issues implicated by the order.[5] That way, no new reliance interests will be

---

[5] Plaintiffs suggest that modification of the order can be sought, (Pls' Resp. at 9), but this Court would lack jurisdiction over such a request now that a notice of appeal is filed. "As a general rule, an effective notice of appeal divests the district court of jurisdiction over the matter

created or damaged, and existing reliance interests will be protected in the interim.[6] Defendant respectfully requests that the Court:

(1) grant immediate, expedited consideration,

(2) stay the December 14, 2017 injunction order pending appeal,

(3) dismiss all claims because Plaintiffs lack standing, and

(4) grant any other appropriate relief to Defendant.

> Respectfully submitted,
>
> BILL SCHUETTE
> Attorney General
>
> */s/ John G. Fedynsky*
> John G. Fedynsky (P65232)
> Assistant Attorney General
> Attorney for Defendant
> Civil Litigation, Employment &
> Elections Division
> G. Mennen Williams Bldg., 5th Fl.
> 525 W. Ottawa St., P.O. Box 30736
> Lansing, MI 48909
> (517) 373-6434
> fedynskyj@michigan.gov
> (P65232)

Dated: December 20, 2017

---

forming the basis for the appeal." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).

[6] Neither Plaintiff would be eligible for restoration of her license should a stay not be granted. Plaintiffs therefore cannot be harmed by a stay pending appeal.

7

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on December 20, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ John G. Fedynsky*
John G. Fedynsky (P65232)
Assistant Attorney General
Attorney for Defendant
Civil Litigation, Employment &
Elections Division
G. Mennen Williams Bldg., 5th Fl.
525 W. Ottawa St., P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov
(P65232)
