## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 28, 2017

Mr. David J. Weaver
Eastern District of Michigan at Bay City
1000 Washington Avenue
Suite 219 Federal Building
Bay City, MI 48708-0000

        Re: Case No. 17-2504, *Adrian Fowler, et al v. Ruth Johnson*
           Originating Case No. : 4:17-cv-11441

Dear Clerk,

  The Court issued the enclosed Order today in this case.

                Sincerely yours,

                s/Antoinette S. Macon
                Case Manager
                Direct Dial No. 513-564-7015

cc: Ms. Denise C. Barton
    Mr. John G. Fedynsky
    Mr. Anthony Dietrich Paris
    Mr. Phil Telfeyan

Enclosure

FILED
Dec 28, 2017
DEBORAH S. HUNT, Clerk

No. 17-2504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ADRIAN FOWLER, KITIA HARRIS, on behalf of themselves and others similarly situated, )<br><br>Plaintiffs-Appellees, )<br><br>v. )<br><br>RUTH JOHNSON, Michigan Secretary of State, in her official capacity, )<br><br>Defendant-Appellant. ) | O R D E R |

Before: GUY and GILMAN, Circuit Judges; HOOD, District Judge.[*]

Ruth Johnson, the Michigan Secretary of State in her official capacity (the "State"), appeals a preliminary injunction enjoining the enforcement of Michigan Compiled Laws § 257.321a to suspend the driver's licenses of people unable to pay their traffic debt. The State moves for a stay of the preliminary injunction pending appeal. The plaintiffs oppose the motion for a stay. The district court denied a stay pending appeal on December 21, 2017. The State requests an expedited ruling on its motion for a stay.

The State "bears the burden of showing that the circumstances justify" the exercise of discretion to grant a stay pending review. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Four factors guide our consideration of the motion for a stay: (1) whether the State has a likelihood of

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 17-2504
-2-

success on the merits; (2) whether it will suffer irreparable harm in the absence of a stay; (3) whether the requested injunctive relief will substantially injure other interested parties; and (4) where the public interest lies. *Id.* at 434; *see also In re EPA*, 803 F.3d 804, 806 (6th Cir. 2015); *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. Moreover, the stay factors "are not prerequisites that must be met, but interrelated considerations that must be balanced." *In re EPA*, 803 F.3d at 806.

The State has not demonstrated a strong likelihood of success on the merits of its challenge to the district court's ruling on procedural due process. *See Bell v. Burson*, 402 U.S. 535, 539 (1971) (holding that the "continued possession [of a driver's license] may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.").

But the State argues that it will be difficult, if not impossible, to comply fully with the preliminary injunction in the immediate future. The injunction is broad in scope and provides very little direction as to what specific actions should be taken to comply with the constitutional due process requirements. Clearly, additional notice about the procedures available to persons facing license suspension is contemplated.

The motion for a stay pending appeal is therefore **GRANTED** for a period of thirty days. The action is **REMANDED** to the district court for the limited purpose of modifying the injunctive relief granted, after whatever additional briefing or evidentiary hearings are deemed necessary, to provide direction to the State as to the type of process required to comply with the

No. 17-2504
-3-

court's order. Any party seeking review of the amended injunctive relief granted should file a timely notice of appeal, and any resulting appeal will be consolidated with this case.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk
