UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN FOWLER and
KITIA HARRIS, on behalf of themselves
and others similarly situated,

       Plaintiffs,                           Civil Case No. 17-11441
                                                  Honorable Linda V. Parker

v.

RUTH JOHNSON, in her official
capacity as Secretary of State of the
Michigan Department of State,

       Defendant.
_____/

## AMENDED PRELIMINARY INJUNCTION

On December 14, 2017, this Court issued an opinion and order granting Plaintiffs' motion for preliminary injunction. (ECF No. 21.) In that decision, the Court provided: "Defendant is enjoined from enforcing Michigan Compiled Laws § 257.321a to suspend the driver's licenses of people unable to pay their traffic debt." (*Id.* at Pg ID 268.) Defendant appealed and asked the Sixth Circuit Court of Appeals to stay the injunction. On December 28, 2017, the Sixth Circuit stayed this Court's injunction for thirty days and remanded the matter "*for the limited purpose* of modifying the injunctive relief granted … to provide direction to the State as to the type of process required to comply with the court's order." (ECF No. 30, emphasis added.) The Sixth Circuit further indicated in its decision: "The

State has not demonstrated a strong likelihood of success on the merits of its challenge to the district court's ruling on procedural due process." (*Id*. at Pg ID 450.)

In response to the Sixth Circuit's remand order, this Court issued an order on January 5, 2018, clarifying its injunction. (ECF No. 31.) The order stated:

> To be clear, in its December 14, 2017 decision, this Court intended to enjoin Defendant from suspending any further driver's licenses of individuals *because of* their inability to pay their traffic debt <u>until</u> the State: (1) provides drivers a hearing where they have the opportunity to demonstrate their inability to pay; (2) provides reasonable notice to drivers of the hearing; **and** (3) institutes alternatives to full payment for those unable to pay (e.g., realistic payment plans or volunteer service).

(*Id*. at Pg ID 452-53.) The Court further scheduled a hearing for January 17, 2018, to address any questions or concerns the parties may have had concerning the intended modification to the preliminary injunction order. (*Id*. at Pg ID 453.) The Court instructed Defendant to "be prepared to inform opposing counsel and the Court of how the State intends to satisfy the Court's injunction." (*Id*.)

Prior to the January 17 hearing, Plaintiff filed a brief suggesting changes to the language used in the Court's proposed modified preliminary injunction. (ECF No. 32.) Defendant filed a twenty-six page brief and exhibits, attempting to convince the Court that it should vacate the preliminary injunction. (ECF No. 33.)

As the Court stated at the January 17 hearing, it did not read the Sixth Circuit's remand order as inviting it to revisit the merits of Plaintiffs' claims.

2

While the Sixth Circuit recognized that additional briefing or evidentiary hearings may be needed, its order did not suggest that additional evidence could be considered to reconsider this Court's December 14, 2017 decision. In fact, the Sixth Circuit specifically contemplated briefing and/or hearings only "to provide direction to the State as to the type of process required *to comply with the court's order*." (ECF No. 30 at Pg ID 450-51, emphasis added.) Nevertheless, Defendant used the remand proceedings, including the hearing on January 17, to continue to argue the merits of Plaintiffs' lawsuit. Defendant offered little assistance to the Court in fashioning a mechanism to execute the process this Court finds constitutionally necessary before suspending driver's licenses of individuals unable to pay the traffic fines, costs, fees, or assessments for which the lack of payment leads to suspension under Section 257.321a.

Despite the lack of cooperation from Defendant, the Court believes it now can sufficiently direct Defendant as to the specific actions it should take to comply with the constitutional due process requirement. Because Section 257.321 delegates the authority to suspend driver's licenses (i.e., a property interest) to Defendant, the Constitution imposes on *Defendant* the State's concomitant duty to see that no deprivation occurs without adequate procedural protections.

Accordingly,

**IT IS ORDERED** that Defendant is enjoined from suspending any further driver's licenses of individuals because of nonpayment of any fine, cost, fee or assessment under Michigan Compiled Laws § 257.321a *unless and until* Defendant or another entity: (1) offers drivers the option to request a hearing where they have the opportunity to demonstrate their inability to pay a fine, cost, fee and/or assessment; (2) provides a hearing when requested[1]; (3) provides reasonable notice to drivers of the hearing opportunity; **and** (4) institutes alternatives to full payment for those unable to pay (e.g., realistic payment plans or volunteer service).

Dated: January 24, 2018    s/Linda V. Parker
U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the Absence of Richard Loury
Case Manager

---

[1] Defendant contends that it would be too burdensome to hold a formal hearing with a hearing officer for every individual who risks suspension of a driver's license under Section 257.321a. There certainly are other ways for Defendant and/or the State to comply with the due process requirement. For example, Defendant could provide an opportunity for individuals to submit documentation if they claim an inability to pay and evaluate that documentation as the courts do when considering an application to proceed in forma pauperis, providing a hearing only to allow individuals deemed able to pay to challenge that finding. Further, Defendant could delegate to the courts the responsibility to conduct the hearing when individuals first appear in response to a citation *but only if* individuals are provided adequate notice that they may assert inability to pay in that forum.